**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**SETH LAMAR, individually and**
**on behalf of all others similarly situated**                                    **PLAINTIFFS**

**v.**                                   **Case No. 4:16-cv-000135-KGB**

**LACY ONE, LLC and**
**TAMMARA LACY, Individually and**
**as an owner of Lacy One, LLC**                                    **DEFENDANTS**

<u>**ORDER**</u>

Plaintiff Seth Lamar brings this proposed collective action for unpaid overtime wages against defendants Lacy One, LLC, and Tammara Lacy, individually and as an owner of Lacy One, LLC (collectively, "Lacy One").  Before the Court is Mr. Lamar's motion for conditional certification, for approval and distribution of notice, and for disclosure of contact information (Dkt. No. 7).  Lacy One has filed a response to Mr. Lamar's motion, and Mr. Lamar has replied to Lacy One's response (Dkt. Nos. 9; 12).  For the following reasons, Mr. Lamar's motion is granted (Dkt. No. 7).

**I.      Background**

Mr. Lamar claims that, from approximately July through November, 2015, he delivered goods and equipment for Lacy One, LLC, a private company that contracts with retailers to deliver appliances to and from customer locations in Arkansas (Dkt. No. 1, ¶¶ 9-11).  Mr. Lamar alleges that Lacy One paid him and other deliverymen a day-rate without overtime premiums in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*  He now seeks conditional certification of the following class:  "[a]ll deliverymen (or similar positions, which may also be referred to as 'drivers' or 'delivery workers') who worked for Defendants Lacy One, LLC, and/or Tammara Lacy (hereinafter 'Defendants') at any time after March 09, 2013" (Dkt. No. 7, ¶ 2).

## II.      Analysis

### A.      Conditional Certification

Under the FLSA:

> An action to recover the liability prescribed . . . may be maintained against any
> employer . . . in any Federal or State court of competent jurisdiction by any one or
> more employees for and in behalf of himself or themselves and other employees
> similarly situated.  No employee shall be a party plaintiff to any such action unless
> he gives his consent in writing to become such a party and such consent is filed in
> the court in which such action is brought.

29 U.S.C. § 216(b).

Many district courts in the Eighth Circuit utilize a two-step approach in collective action

cases.

> At the notice stage, the court determines, based on the pleadings and affidavits,
> whether notice should be given to potential class members.  The key issue is
> whether the members of the proposed class are similarly situated.  If the court
> allows notification, then a representative class is conditionally certified and notice
> is sent to the putative opt-in plaintiffs.  At the second stage, the court determines
> whether to decertify the class once discovery is largely complete.

*Smith v. Frac Tech Services, Ltd.*, 2009 WL 4251017 (E.D. Ark. 2009).  This Court adopted this

approach in at least one other matter.  *See Watson v. Surf-Frac Wellhead Equip. Co.*, 2012 WL

5185869 (E.D. Ark. Oct. 18, 2012).  Mr. Lamar and Lacy One agree that the Court should utilize

this two-step approach (Dkt. No. 8, at 3-4; Dkt. No. 10, at 1).

Plaintiffs' burden at the notice stage is lenient and is usually met by making a "modest

factual showing," typically by the submission of affidavits, that plaintiffs and the putative class

were victims of a common decision, policy, or plan of the employer that affected all class members

in a similar fashion.  *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 941 (W.D.

Ark. 2007) (citing *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1106-08 (10th Cir.

2001)).   The Court can consider a variety of non-exclusive factors in determining whether employees are similarly situated.  They include:  (1) whether the plaintiffs hold the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision maker; and (5) the extent to which the acts constituting the alleged violations are similar.  *Stone v. First Union Corp.*, 203 F.R.D. 532, 542-43 (S.D. Fla. 2001) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1090, 1097-99 (11th Cir. 1996)).

To meet his burden, Mr. Lamar offers his own affidavit.  Mr. Lamar states that he worked as a deliveryman for Lacy One.  According to Mr. Lamar, deliverymen for Lacy One load, deliver, and install various products for Lacy One's clients.  Mr. Lamar claims that Lacy One paid all deliverymen a fixed amount of compensation for each day worked, and that the "day rate was subject to deductions at the discretion of Defendants for various reasons, including but not limited to partial days worked and claims for damages by delivery recipients" (Dkt. No. 7-7, ¶ 6).  He claims that he and other deliverymen were regularly required to work in excess of 40 hours a week and that Lacy One did not compensate deliveryman for any hours worked in excess of 40 hours a week.  Mr. Lamar estimates that there are 20 or more individuals who worked as deliverymen for Lacy One since March 9, 2013, and that, "[b]ased on [his] experience and conversations with other similarly situated deliverymen for Defendants, [he] believe[s] other deliverymen would be interested in participating in this lawsuit" (*Id.*, ¶ 15).

Lacy One contends that conditional certification is inappropriate for two reasons.  First, Lacy One argues that Mr. Lamar failed to establish that there are other individuals who wish to opt in to the proposed class (Dkt. No. 10, at 2-4).  In response, Mr. Lamar argues that the Court

should not require such evidence at this stage of litigation (Dkt. No. 12, at 2-3).  Lacy One also argues that Mr. Lamar fails to establish through admissible evidence that other deliverymen allegedly suffered similar FLSA violations (Dkt. No. 10, at 4-5).

### 1.      Evidence Of Other Interested Class Members

"Courts are split with respect to whether and how plaintiffs must demonstrate that those similarly-situated, putative class members are interested in joining the suit."  *O'Donnell v. Robert Half Int'l, Inc.*, 534 F. Supp. 2d 173, 179 (D. Mass. 2008); *see, e.g.*, *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459 (S.D.N.Y. 2008) (not requiring showing); *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703 (N.D. Tex. 2008) (requiring showing).  Courts in the Eighth Circuit are no exception.  *See, e.g.*, *Musticchi v. Little Rock*, No. 4:08-cv-00419 SWW (E.D. Ark. Feb. 2, 2009) (requiring showing); *Robinson v. Tyson Foods, Inc.*, 254 F.R.D. 97 (S.D. Iowa 2008) (requiring showing); *Kautsch v. Premier Communications*, 504 F. Supp. 2d 685 (W.D. Mo. 2007) (not requiring showing).  This Court has not previously determined whether a plaintiff must produce evidence that others wish to join the class at the notice stage.

The Court finds that, in this case, Mr. Lamar does not have the burden of offering evidence that other employees are interested in joining his proposed class as a prerequisite for conditional certification.  As another district court within the Eighth Circuit stated, "[r]equiring a plaintiff to make an advance showing that others want to join would undermine the 'broad remedial goal' of the FLSA."  *Helmert v. Butterball, LLC*, No. 4:08CV00342 JLH, 2009 WL 5066759, at *5 (E.D. Ark. Dec. 15, 2009) (quoting *Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007)).  The Court recognizes that, in certain circumstances, policy considerations could conceivably support requiring a plaintiff to demonstrate that other employees are interested in joining a class at the notice stage.  For example, "[w]ithout such a requirement, the parties and the

Court could waste valuable resources issuing notice to potential plaintiffs only to find that the case cannot proceed as a collective action." *Collins v. Barney's Barn, Inc.*, No. 4:12CV00685 SWW, 2013 WL 1668984, at *3 (E.D. Ark. Apr. 17, 2013). However, such policy considerations do not support such a requirement in this case, where there appears to be no dispute that the proposed class is small and the members are easily identifiable.[1] Therefore, while the Court does not foreclose the possibility that, in certain circumstances, a plaintiff seeking to certify a FLSA class action should be required to show that others are interested in joining the class as a prerequisite to conditional certification, the Court finds that no such requirement is necessary in this case.

### 2.      Similarly Situated

Lacy One also argues that Mr. Lamar fails to meet his modest burden of showing that he and the potential class members were victims of a common policy that affected all class members in a similar fashion (Dkt. No. 10, at 4-5). In his affidavit, Mr. Lamar states that he and other deliverymen for Lacy One were regularly required to work in excess of 40 hours a week and that Lacy One did not compensate its deliverymen for any hours worked in excess of 40 hours a week. Lacy One argues that Mr. Lamar fails to meet his burden of proof because he merely "presents a self-serving statement about what other people did, without any basis in fact" (*Id.*, at 4). In response, Mr. Lamar contends that Ms. Lacy's declaration, which was attached to Lacy One's response to the motion for conditional certification, "confirms all facts necessary to establish that a class of similarly situated employees exists" (Dkt. No. 12, at 1).

---

[1] Mr. Lamar estimates that there are approximately 20 potential class members (Dkt. No. 8, at 9). In their response to Mr. Lamar's motion for conditional certification, Lacy One states that they possess the contact information for current and former employees, meaning the potential class members are easily identifiable and the cost of issuing notice is relatively low.

"'To establish that conditional certification is appropriate, the plaintiff[ ] must provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist.'" *Tegtmeier v. PJ Iowa, L.C.*, No. 3:15-CV-00110-JEG, 2016 WL 5340186, at *4 (S.D. Iowa Sept. 21, 2016) (alteration in original) (quoting *Robinson v. Tyson Foods, Inc.*, 254 F.R.D. 97, 99 (S.D. Iowa 2008).  Mr. Lamar's factual burden at this stage is not onerous.  *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010).  However, while this is a "lenient standard, . . . 'more than mere allegations' are required."  *Tegtmeier*, 2016 WL 5340186, at *4 (quoting *Robinson*, 254 F.R.D. at 99).  "Typically, district courts will make the determination of whether to conditionally certify a class based solely on the affidavits presented by the plaintiffs."  *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 227 (E.D. Mo. 2008).

In his declaration, Mr. Lamar states that all deliverymen for Lacy One are paid a daily rate and are not paid overtime (Dkt. No. 7-7, at 2).  Ms. Lacy confirms these assertions in her declaration (Dkt. No. 10-2, ¶ 8).  After reviewing Mr. Lamar and Ms. Lacy's declarations, the Court finds that Mr. Lamar has met his modest burden of demonstrating that he and potential class members were the victims of the same policy.

The Court finds that Mr. Lamar has carried his lenient burden of establishing that he is similarly situated to other deliverymen who worked for Lacy One.  He has submitted some evidence of a common decision, policy, or plan designed to deny deliverymen overtime compensation for hours worked in excess of 40 hours a week.  Therefore, the Court will conditionally certify this action for purposes of giving notice.

### B.    Notice

Mr. Lamar submitted the following as attachments to his motion for conditional certification:  (1) a proposed collective action class mail notice; (2) a proposed mail consent form;

(3) a proposed notice email notice; (4) a proposed electronic consent form; and (5) a proposed follow-up postcard (Dkt. Nos. 7-1; 7-2; 7-3; 7-4; 7-5). Lacy One does not object to the form of these notices. The Court has reviewed the proposed notices submitted by Mr. Lamar and approves each as to form and content.

To facilitate notice, Lacy One is ordered to provide Mr. Lamar's counsel with the names and last known home, work, and email addresses of each potential class member within 14 days of the date of this Order. Lacy One is permitted to produce this information in the format in which it is ordinarily kept. Mr. Lamar shall then have 60 days to distribute notice and file opt-in consent forms with the Court. Mr. Lamar is permitted to send the approved follow-up postcard to potential class members who do not respond after 30 days of sending the notice. Mr. Lamar is permitted to send the approved electronic versions of the notice and consent by email in addition to postal mail.

### III.   Conclusion

For the foregoing reasons, Mr. Lamar's motion for conditional certification, for approval and distribution of notice, and for disclosure of contact information is granted (Dkt. No. 7). The Court conditionally certifies this case as a collective action and authorizes notice to all deliverymen (or similar positions, which may also be referred to as "drivers" or "delivery workers") who worked for Lacy One, LLC and/or Tammara Lacy at any time after March 9, 2013.

So ordered this the 30th day of August, 2017.

_Kristine G. Baker_
Kristine G. Baker
United States District Court Judge