# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**SETH LAMAR, individually and**
**on behalf of all others similarly situated**

                                                **PLAINTIFFS**

**v.**                      **Case No. 4:16-cv-000135-KGB**

**LACY ONE, LLC and**
**TAMMARA LACY, individually and**
**as an owner of Lacy One, LLC**                                    **DEFENDANTS**

## ORDER

On July 16, 2018, this Court directed defendants Lacy One, LLC ("Lacy One"), and Tammara Lacy, individually and as an owner of Lacy One, to file within 14 days of the date of that Order a written response showing cause why a default judgment should not be entered (Dkt. No. 29). Ms. Lacy responded to the motion (Dkt. No. 31). In her response, Ms. Lacy submits that a default judgment should not be entered because she cannot afford an attorney (*Id.*). She requests that plaintiff Seth Lamar's complaint be dismissed (*Id.*). Ms. Lacy does not represent to the Court that Lacy One has obtained counsel as required to proceed in this Court.

Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process for the entry of default judgments. *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, 796 F.Supp.2d 946, 951(N.D. Iowa 2011) (citation and internal quotation marks omitted). First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. *Id.* Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *Id.* Entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b). *Id.*

Once a defendant is in default, the factual allegations of the complaint, "except those relating to the amount of damages, will be taken as true." 10A Charles Alan Wright *et al.*, Federal Practice and Procedure § 2688 (3d ed.). When moving for default judgment, a plaintiff must prove its entitlement to the amount of monetary damages requested, and the Court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain. *Lifted Research Grp., Inc. v. Behdad, Inc.*, 591 F. Supp. 2d 3, 6 (D.D.C. 2008). "Entry of a default judgment . . . [is] committed to the sound discretion of the district court. Default judgments, however, are not favored by the law." *United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). "Default judgment for failure to defend is appropriate when the party's conduct includes willful violations of court rules, contumacious conduct, or intentional delays. On the other hand, default judgment is not an appropriate sanction for a marginal failure to comply with time requirements." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (internal citations and quotation marks omitted).

Lacy One, as a corporation, may not proceed *pro se* in this Court. *See Ackra Direct Mktg. Corp.,* 86 F.3d at 857. Therefore, Lacy One is in default. The Court directs the Clerk to enter a default as to Lacy One.

So ordered this 17th day of August, 2018.

_____
Kristine G. Baker
United States District Judge